Chris D. Gronning
Bankston Gronning Brecht P.C.
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503
(907) 276-1711
cgronning@bgbalaska.com

Dale L. Kingman,
Greg D. Pendleton
Gordon Tilden Thomas & Cordell LLP
600 University Street, Suite 2915
Seattle, Washington 98101
(206) 467-6477
dkingman@gordontilden.com
gpendleton@gordontilden.com

Attorneys for Plaintiff CITC, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

COOK INLET TRIBAL COUNCIL., INC., an Alaska corporation,

  Plaintiff,

 v.

UNITED SPECIALITY INSURANCE COMPANY, a Delaware company,

  Defendant.

Case No. 3:19-cv-00301-JWS

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES; JURY DEMAND**

Plaintiff Cook Inlet Tribal Council, Inc. ("CITC") alleges as follows:

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES      -1-
C5041\1\PLEADINGS\COMPLAINT                       Case No.

Case 3:19-cv-00301-JWS   Document 1   Filed 11/25/19   Page 1 of 10

## I. INTRODUCTION

1. **Summary of Action**. This is an action for declaratory judgment, breach of insurance contract, negligence, and insurance bad faith seeking:

    (a)    A declaration of the rights and duties of CITC and United Specialty Insurance Company ("USIC") under an insurance policy sold to CITC by USIC;

    (b)    Damages for breach of USIC's contractual duties under the Policy;

    (c)    Damages for USIC's negligent and unreasonable claim investigation;

    (d)    Damages for USIC's bad faith, and;

    (e)    All attorneys' fees and costs incurred by CITC in asserting this coverage claim and prosecuting this action.

## II. THE PARTIES

2. **Plaintiff CITC.** CITC is a non-profit corporation organized under the laws of the State of Alaska and has its principal place of business in Anchorage, Alaska. CITC was established in 1983, and serves more than 12,000 Alaska Native and American Indian people each year through an array of integrated service programs.

3. **Defendant USIC.** USIC is a corporation organized under the laws of the State of Delaware, with its principal place of business in Texas.

## III. JURISDICTION AND VENUE

4. **Jurisdiction.** This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship of the parties and more than

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES
C5041\1\PLEADINGS\COMPLAINT
-2-
Case No.

Case 3:19-cv-00301-JWS   Document 1   Filed 11/25/19   Page 2 of 10

$75,000 (exclusive of interests and costs) is in controversy. It also has jurisdiction pursuant to 28 U.S.C. § 2201 in that there is an actual and justiciable controversy as to the rights and obligations of the parties named in this matter.

5. **Venue.** Venue in this Court is proper under 28 U.S.C. § 1391.

## IV. STATEMENT OF FACTS

**A. The Insurance Policy**

6. CITC paid a premium of $57,845.22 to USIC and in exchange USIC sold to CITC Commercial Property Policy No. RDF101173 ("Policy") with a limit of liability for Earthquake of $25,000,000 along with coverages including, but not limited to, Business Interruption, Extra Expense Debris Removal, Replacement Cost and certain personal property. The Policy period was October 1, 2018, to October 1, 2019. A copy of the Policy is attached as **Exhibit 1**, and incorporated herein by reference.

7. The Policy insures CITC for, among other things, property damage and loss of business income sustained as a result of an earthquake, including when an earthquake causes sprinkler leakage.

**B. CITC Suffers a Loss Covered by the Policy and Has Complied with All Reasonable Document Requests and Site Visits**

8. On November 30, 2018, CITC's insured building was severely damaged in a 7.1 magnitude earthquake.

9. CITC timely notified USIC of the loss and sought coverage under the Policy.

Bankston Gronning Brecht P.C.
Attorneys at Law
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503
Tel. (907) 276-1711 - Fax (907) 279-5358

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES -3-
C5041\1\PLEADINGS\COMPLAINT Case No.

Case 3:19-cv-00301-JWS   Document 1   Filed 11/25/19   Page 3 of 10

10. In response to CITC notification and tender, USIC issued a reservation of rights letter. USIC claimed much of the damage was uncovered and not caused by the earthquake, ignoring both Alaska Statute 21.36.096 and Director of Insurance Bulletin 2018-17 (both of which prohibit a denial of coverage if the dominant cause of the loss is a covered peril).

11. USIC engaged multiple third parties to investigate CITC's claim. The third parties visited CITC's damaged building on many occasions and requested documents from CITC. Frequently USIC and its agents made multiple requests for the same information, even though CITC had already provided responses. USIC's agents also sought pre-visit interviews with CITC's contractors and other parties who responded to the damage in the aftermath of the earthquake, but then neglected to conduct those interviews that CITC had gone out of its way to arrange.

12. CITC complied with all site visit requests and responded to all reasonable document requests.

## C. USIC's Investigation is Never-Ending and USIC Has Refused to Pay CITC for the Full Value of the Loss

13. Notwithstanding that nearly a year has passed since the earthquake, USIC's receipt of and opportunity to review thousands of pages of documents and photographs, its multiple site visits, and on and on, USIC still professes to have insufficient information to complete its claim investigation and loss adjustment. While USIC has made some claim payments, it has improperly withheld millions of dollars from CITC. USIC has also repeatedly failed to respond to CITC's claims

Bankston Gronning Brecht P.C.
Attorneys at Law
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503
Tel. (907) 276-1711 - Fax (907) 279-5358

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES -4-
C5041\1\PLEADINGS\COMPLAINT  Case No.

Case 3:19-cv-00301-JWS   Document 1   Filed 11/25/19   Page 4 of 10

correspondence in a timely fashion, and when it does finally respond the responses are often confusing, vague, and lacking in substance. USIC is also improperly attempting to get another insurer to pay for the loss.

14. CITC has repeatedly explained to USIC that USIC's investigation is being conducted in bad faith and in violation of AS 21.36.125. USIC's delay tactics have caused and are continuing to cause serious prejudice to CITC and the vulnerable constituency it serves.

15. CITC has complied with all conditions precedent to, and as may be required under the terms of the Policy, as a predicate to bringing this action.

## V. FIRST CLAIM: DECLARATORY JUDGMENT

16. **Incorporation by Reference.** The allegations of paragraphs 1 through 15 are incorporated by reference, as if fully set forth herein.

17. **Coverage Under the Policy.** A real and justiciable controversy exists over the scope of coverage provided by the Policy issued by USIC to CITC.

18. **Declaratory Relief.** CITC is entitled to a declaration by this court that coverage exists under the terms of the Policy and that the earthquake loss should be paid in accordance with the provisions of the Policy.

## VI. SECOND CLAIM: BREACH OF INSURANCE CONTRACT

19. **Incorporation by Reference.** The allegations of paragraphs 1 through 18 are incorporated by reference, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES -5-
C5041\1\PLEADINGS\COMPLAINT Case No.

Case 3:19-cv-00301-JWS   Document 1   Filed 11/25/19   Page 5 of 10

20. **Breach of Insurance Contract.** USIC breached the contract of insurance at issue by failing or refusing to timely and professionally investigate, adjust, and pay for the earthquake loss.

21. **Damages.** As a direct and proximate result of USIC's breach of the insurance contract, CITC has been deprived of the benefits of its insurance coverage under the Policy. CITC is entitled to a money judgment against USIC for the improperly withheld insurance coverage, and any and all other damages and reimbursements to which CITC is entitled under the provisions of the Policy.

22. **Additional Damages.** As another direct and proximate result of USIC's breach of the Policy, CITC has been forced to incur attorney fees and other expenses in order to prosecute this action and is entitled to reimbursement of these fees and expenses.

## VII. THIRD CLAIM: NEGLIGENCE

23. **Incorporation by Reference**. The allegations of paragraphs 1 through 22 are incorporated by reference, as if fully set forth herein.

24. **Negligence**. USIC owed a duty of care with respect to its investigation and handling of CITC's claim for insurance coverage.

25. **USIC Breached Its Duty**. USIC breached its duty by failing to reasonably investigate the cause of CITC's loss and failing to investigate and adjust the claim in a timely manner in accordance with industry standards of care, including providing a statement of loss.

Bankston Gronning Brecht P.C.
Attorneys at Law
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503
Tel. (907) 276-1711 - Fax (907) 279-5358

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES -6-
C5041\1\PLEADINGS\COMPLAINT Case No.

Case 3:19-cv-00301-JWS Document 1 Filed 11/25/19 Page 6 of 10

26. **Damages**. As a direct and proximate result of USIC's breach, CITC has suffered damages in an amount to be proven at trial.

## VIII. FOURTH CLAIM: INSURANCE BAD FAITH AND BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

27. **Incorporation by Reference**. The allegations of paragraphs 1 through 25 are incorporated by reference, as if fully set forth herein.

28. **Bad Faith**. USIC owes CITC a duty of good faith and fair dealing under Alaska law. *See, e.g.,* Alaska Statute 21.36.020 and 21.36.125; Alaska Admin. Code Title 3 §§ 26.040 – 26.070 and 26.090. USIC has breached that duty by, among other things:

(1) misrepresenting facts or policy provisions;

(2) failing to acknowledge and act promptly upon communications from CITC;

(3) failing to adopt and implement reasonable standards for prompt investigation of CITC's claim;

(4) refusing to pay CITC's claim without conducting a reasonable and timely investigation of all of the available information and providing an explanation of the basis for denial of the claim or for an offer of compromise settlement;

(5) failing to affirm or deny coverage of CITC's claim within a reasonable time;

Bankston Gronning Brecht P.C.
Attorneys at Law
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503
Tel. (907) 276-1711 - Fax (907) 279-5358

(6) failing to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear;

(7) compelling CITC to litigate for recovery of amounts due under its insurance policy by offering unreasonably low amounts;

(8) delaying investigation or payment of CITC's claim by requiring submission of unnecessary or substantially repetitive claims reports or proof-of-loss forms;

(9) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

(10) failing to abide by the required claim communication regulations at Alaska Admin. Code Title 3 §§ 26.040 – 26.070 and the required "prompt, fair, and equitable settlement of property claim" regulations at § 26.090.

USIC also ignored Alaska Statute 21.36.096, which requires an insurer to afford coverage where the dominant cause of loss is covered cause under the Policy: "An insurer may not deny a claim if a risk, hazard, or contingency insured against is the dominant cause of a loss and the denial occurs because an excluded risk, hazard, or contingency is also in the chain of causes but operates on a secondary basis." USIC ignored this statute by adopting untimely and factually unsupported coverage positions. USIC has misrepresented the pertinent fact it cannot deny coverage for any loss whose dominant cause (i.e., earthquake) is a covered cause of loss.

Bankston Gronning Brecht P.C.
Attorneys at Law
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503
Tel. (907) 276-1711 - Fax (907) 279-5358

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES -8-
C5041\1\PLEADINGS\COMPLAINT Case No.

Case 3:19-cv-00301-JWS Document 1 Filed 11/25/19 Page 8 of 10

29. **Damages**. USIC's acts of bad faith were outrageous and/or evidenced reckless indifference to the interests of CITC. CITC is thus entitled to an award of punitive damages under Alaska Statute 09.17.020. Moreover, USIC's acts of bad faith were motivated by financial gain and USIC knew of the adverse consequences of its conduct to CITC.

## IX. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, CITC requests a jury on all issues so triable.

## X. PRAYER FOR RELIEF

WHEREFORE, CITC prays for the following relief:

**A.** **Declaratory Judgment.** That this court declare and decree coverage exists for CITC under the terms of the Policy issued by USIC.

**B.** **Breach of Contract.** That this court declare and decree USIC breached the Policy.

**C.** **Negligence.** That this court declare and decree USIC acted negligently.

**D.** **Bad Faith**. That this court declare and decree USIC has extracontractual bad faith liability.

**E.** **Money Damages.** That CITC be awarded money damages in its favor and against USIC in excess of $6,000,000, the exact amount to be proved at trial, and any and all other damages and reimbursements to which CITC is entitled under the provisions of the Policy or at common law, together with pre-judgment and post-judgment interest.

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES -9-
C5041\1\PLEADINGS\COMPLAINT Case No.

Case 3:19-cv-00301-JWS Document 1 Filed 11/25/19 Page 9 of 10

**F. Attorneys' Fees and Costs of Suit.** That CITC be awarded its reasonable attorneys' fees and costs, including fees under Alaska Civil Rule 82.

**G. Other Relief.** For such further relief as the Court deems just, proper, and equitable.

DATED this 22nd day of November, 2019.

**BANKSTON GRONNING BRECHT, P.C.**
Attorneys for Plaintiff CITC, Inc.

By s/ Chris D. Gronning, Alaska Bar #8310122
cgronning@bgbalaska.com

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff CITC, Inc.

By s/Dale L. Kingman, WSBA #07060
s/Greg D. Pendleton, WSBA #38361
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
dkingman@gordontilden.com
gpendleton@gordontilden.com

COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES -10-
C5041\1\PLEADINGS\COMPLAINT    Case No.

Case 3:19-cv-00301-JWS   Document 1   Filed 11/25/19   Page 10 of 10